UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN CHAVEZ, | ) | No. CV 11-4705-PLA |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |
| COUNTY OF LOS ANGELES, et al., | ) | |
| Defendants. | ) | |

For the reasons set forth below, this action is dismissed without prejudice for failure to prosecute and follow Court orders.

**I.**

**BACKGROUND**

The Court finds as follows:

1. On June 2, 2011, plaintiff, represented by counsel, filed a Complaint under 42 U.S.C. § 1983 alleging civil rights violations while in the custody of defendants and under the supervision of the Los Angeles County Sheriff's Department.

2. On June 15, 2011, and August 16, 2011, plaintiff and defendant consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

3. On July 19, 2013, plaintiff's counsel filed a Motion to withdraw as attorney of record, on the ground that plaintiff "has not been in communication with his counsel . . . for at least four months despite counsel's attempts to reach Plaintiff by phone, by personal visit to his last known address and by correspondence sent to his last known address via U.S. Mail," and declaring under penalty of perjury that counsel mailed a true copy of the "Notice of Motion and Motion to Withdraw as Attorneys of Record and Declaration of Amy Wallace on Motion to Withdraw as Attorneys of Record" to plaintiff's last known address.

4. In a Minute Order issued July 24, 2013, the Court scheduled a hearing for 10:00 a.m. on August 27, 2013, to consider the Motion of plaintiff's counsel to be relieved as attorney of record in this action. The Minute Order instructed plaintiff that "he must attend the hearing," and that "failure to attend could result in this action being dismissed for lack of prosecution and failure to follow court orders." Counsel for plaintiff was ordered to serve a copy of the Minute Order on plaintiff at his last known address, both by mail and by personal service, and to provide proof of such service prior to the August, 27, 2013, hearing.

5. On July 30, 2013, counsel for plaintiff filed a proof of service, indicating that counsel served a copy of the Minute Order, by mail, at plaintiff's last known address. On August 13, 2013, an agent of plaintiff's counsel filed a declaration with the Court stating that, on August 12, 2013, he went to plaintiff's last known address to personally serve plaintiff with a copy of the Court's Order, and was unable to effect personal service because ownership of the facility had changed, and the facility "had no record of Plaintiff's residence there and would not accept personal service of any documents for Plaintiff."

6. When plaintiff did not appear at the August 27, 2013, hearing for the pending Motion, the Court granted plaintiff's counsel's Motion to Withdraw as Attorneys of Record and ordered plaintiff, now proceeding pro se, "to file a document advising the Court of his intention to proceed with this action no later than September 13, 2013," and further advised plaintiff that "failure to

comply with this Order will result in the action being dismissed for failure to prosecute and follow court orders." The Court Clerk was directed to serve the Order on plaintiff at his last known address.

**To date, plaintiff has not advised the Court of his intention to proceed with this action, as most recently ordered by the Court on August 27, 2013, and his time to do so has passed.**

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's lack of communication with his former counsel and with the Court -- including repeated failures to respond to his former counsel's efforts to contact him, failure to provide his former counsel with an address or phone number where he can be contacted, failure to attend the scheduled hearing to consider his former

counsel's Motion to be removed as counsel of record, and failure to follow Court orders by filing a document advising the Court of his intention to proceed with this action by the ordered date -- hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendant -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by attempting to advise plaintiff that the failure to attend the August 24, 2013, hearing "could result in this action being dismissed for lack of prosecution and failure to follow court orders." Subsequently, the Court attempted to advise plaintiff that failure to advise the Court of his intention to proceed with this action no later than September 13, 2013, "will result in the action being dismissed for failure to prosecute and follow court orders." Nonetheless, plaintiff failed both to attend the August 27, 2013, hearing, and to advise the Court of his intention to proceed with this action by the deadline.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in both the July 24, 2013, and August 27, 2013, Orders.

4

Accordingly, plaintiff's action is dismissed without prejudice for failure to prosecute and follow Court orders.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action without prejudice for failure to prosecute and follow Court orders.

DATED: September 16, 2013

                                              PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE